IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EJM FARMS, INC., | |
| Plaintiff, | 8:16-CV-255 |
| vs. | |
| LOREN AND COLLETTE JESSEN, doing business as JESSEN UNLIMITED, and TITAN MACHINERY, INC., | MEMORANDUM AND ORDER |
| Defendants. | |

The plaintiff, EJM Farms, moves the Court to reconsider its Memorandum and Order of March 26, 2018 (filing 114) to the extent that the Court dismissed the plaintiff's claims against Titan Machinery. Filing 117. The Court will grant the motion in part.[1]

The facts of the case are set forth in the Court's previous order. Filing 114 at 2-5. As relevant, after the plaintiff bought a tractor, the service manager at the North Platte Titan Machinery dealership, Mike Slaba, allegedly told the plaintiff that the tractor had a "complete rebuilt" engine, when it actually only had a short block rebuild. Filing 114 at 4-5. But the Court dismissed the plaintiff's misrepresentation and concealment claims against Titan, explaining that

---

[1] Because the Court's previous order adjudicated fewer than all the claims and the rights and liabilities of fewer than all the parties, it may be revised at any time before the entry of a final judgment. See Fed. R. Civ. P. 54(b).

there is no evidence that Titan misrepresented or concealed anything until after [the plaintiff] had already purchased the tractor. [The plaintiff] communicated with his local Coralville, Iowa Titan dealership before the purchase, but [he] was aware that the Coralville dealership did not have any knowledge of what work had actually been done on the tractor. And while [the plaintiff] claims that Slaba misled him about the tractor's repairs, [the plaintiff] admits that he didn't talk to Slaba until after the purchase. That means that he can't prove he bought the tractor in reliance on Slaba's alleged misrepresentation—and reliance is an element of each of these claims.

Filing 114 at 9-10. It is that reasoning with which the plaintiff takes issue.

To the extent that the plaintiff is trying to assert an express warranty claim as to Titan, that argument is without merit—the plaintiff never *pled* an express warranty claim as to Titan. The plaintiff's operative complaint asserted the following as the "express warranty" claim:

> 45. Defendant Jessen Unlimited created an express warranty as a seller pursuant to the Uniform Commercial Code cited as Neb. U.C.C. §2-313 with respect to the sale of the Tractor to Plaintiff.
>
> 46. Defendant Jessen Unlimited, by and through its agent, Chad or Chod Briggs, affirmed to Plaintiff that the Tractor had received a complete or "long block" rebuild.
>
> 47. Plaintiff affirmation was part of the basis for the bargain, as Plaintiff would not have purchased the Tractor if it had not had a completely rebuilt motor.

> 48. The Tractor did not receive a complete or "long block" rebuild and thus did not conform to the express warranty created by the affirmation.

Filing 39 at 5. While each of the plaintiff's other claims was addressed to "each defendant," *see* filing 39 at 2-5, the express warranty claim was only asserted against Jessen Unlimited, who actually sold the tractor. The plaintiff did not allege an express warranty claim against Titan, and it can't conjure one up now.

But the plaintiff also says that the Court "misunderstood Plaintiff's argument regarding Titan's expressed warranty." Filing 118 at 2 (cleaned up). The plaintiff relies on Neb. U.C.C. § 2-602, which permits a buyer to reject goods within a reasonable time after their delivery or tender. The argument is that the plaintiff relied on Slaba's representation of a complete rebuild, not in purchasing the tractor, but in deciding not to reject the tractor pursuant to § 2-602. Filing 118 at 2, 6.

In the plaintiff's opposition to summary judgment, that argument was confusingly included in the context of discussing how an express warranty is formed, *see* filing 112 at 10-11—but it *was* included. And, the Court concludes, there is at least some evidence to support it. The plaintiff's evidence suggests that a long-block rebuild and the associated warranty were essential in deciding to purchase the tractor. Had Slaba informed the plaintiff only a few days after the purchase that no long-block rebuild had been performed, the plaintiff could have refused the tractor pursuant to § 2-602.[2]

---

[2] In theory, Neb. U.C.C. § 2-608, which permits a buyer to revoke acceptance of a good that has a non-conformity which impairs its value to the buyer, could also have been implicated. But the distinction is not significant for these purposes—the only question that matters is

In other words, the plaintiff *could* have relied on Titan's misrepresentation or concealment of the short-block rebuild, even after the purchase, so long as the plaintiff's rights under the U.C.C. to undo the purchase were intact. And Titan doesn't argue that they weren't. *See* filing 121. Instead, Titan's primary argument is that because Titan wasn't the seller, it couldn't have created an express warranty, particularly after the purchase. *See* filing 121 at 3. True enough—but that's not dispositive of the plaintiff's *other* claims. And while Titan is correct in arguing that the plaintiff "cannot show reliance [on Titan's representations] in *entering* the contract at issue," *see* filing 121 at 4 (emphasis supplied), the Court is aware of no reason that a plaintiff's alleged reliance on a post-contract misrepresentation or concealment cannot be actionable in tort if that reliance results in a plaintiff forgoing his legal right to refuse goods or revoke acceptance.[3]

In sum, the Court concludes that the evidence would support a finding that Titan's alleged misrepresentation could have been relied upon by the plaintiff to the plaintiff's detriment, because there is evidence sufficient to support a conclusion that absent the misrepresentation, the plaintiff would have rejected the tractor. The plaintiff's claims of fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation may proceed as to Titan, and the plaintiff's motion to reconsider will be granted to that extent.

---

whether the plaintiff had a way to undo the purchase, even after purchasing the tractor and wiring the payment.

[3] Of course, the fact that the alleged tortfeasor wasn't the actual seller of the goods might affect the determination of whether a representation was made with the intention that it be relied on, or whether that reliance was reasonable. *See Agri Affiliates, Inc. v. Bones*, 660 N.W.2d 168, 175 (Neb. 2003). But those are questions for the trier of fact.

In addition, the Jessens have moved to voluntarily dismiss their crossclaims against Titan. That motion will be granted.

IT IS ORDERED:

1. The plaintiff's motion to alter or amend (filing 117) is granted in part, as set forth above.

2. The plaintiff's claims of fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation may proceed as to Titan.

3. Loren and Collette Jessen's voluntary motion to dismiss their crossclaims (filing 124) is granted.

4. The Jessens' crossclaims are dismissed.

Dated this 11th day of June, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge